# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

July 29, 2026

**LETTER OPINION**

**Re:** ***Isaiah's Prosperity Ministries Trust v. Jersey City Police Department***
**Civil Action No. 25-14749 (JXN)(JRA)**

Dear Parties:

Before the Court is Defendants'[1] Motion to dismiss the amended complaint filed by Plaintiff Isaiah's Prosperity Ministries Trust ("Trust"), by and through its Trustee, Jacqueline Brianna of the Pyatt family ("Trustee") (together, "Plaintiff"). (Mot. to Dismiss, ECF No. 39.) Plaintiff opposed (Pl.'s Opp'n, ECF No. 42), and Defendants replied (Defs.' Reply, ECF No. 45). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[2] 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

Plaintiff claims Jersey City police officers unconstitutionally stopped and towed a vehicle owned by the Trust. (*See* Am. Compl. at *1–2,[3] ECF No. 35.) Plaintiff does not tender any facts about the stop or seizure. (*See generally id.*) Rather, Plaintiff asserts the Trust filed a UCC financing statement and sent "cease and desist notices and filed prior legal actions," while Defendants "ignored legal protections and failed to honor their constitutional oaths and bond obligations."[4] (*Id.* at *2.)

---

[1] "Defendants" collectively refer to the Jersey City Police Department; Captain Patrick Sullivan; Lieutenant Thomas F. Broderick; Sergeant Licatta; Officer Joseph Sandwich; Officer L. Abreu; Sergeant Moore; Sergeant Romar; Advanced Towing; Mark Borkowski; GXR Autobody Corporation; Antonio Rodano; and Sean Lihop.

[2] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[3] Pincites preceded by an asterisk (*) use ECF pagination.

[4] The Court notes these arguments are popular among self-designated "sovereign citizens." *See* Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/authority": The Legal Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785, 806–07 (1999) (noting that sovereign citizens frequently believe "the Uniform Commercial Code (U.C.C.) has replaced the substantive common law," and that filing UCC forms allows sovereign citizens to "reserve rights" against the government); Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, 80 Mont. L. Rev. 153, 155 (2019) (remarking that sovereign citizens often pursue "civil claims based on abstract violations of the Uniform Commercial Code."). Sovereign citizens "generally believe that they are neither subject to federal law nor federal courts' jurisdiction." *United States v. Taylor*, 21 F.4th 94, 102 n.6 (3d Cir. 2021). To the extent Plaintiff raises sovereign citizen arguments, the Court rejects them as "patently frivolous." *Yun v. New Jersey*, No. 18-1804, 2019 WL 3416773, at *6–7 (D.N.J. July 29, 2019) (collecting cases rejecting sovereign citizen arguments as frivolous).

Plaintiff sued the Jersey City Police Department, officers, a tow truck company, and an impound lot. (*See* Compl., ECF No. 1.) Plaintiff later amended the Complaint. (*See* Am. Compl.) Defendants moved to dismiss, arguing that the Amended Complaint fails to state a claim, impermissibly lumps defendants together without identifying who did what, and the individual officers are entitled to qualified immunity. (*See* Defs.' Moving Br., ECF No. 39-1.)

The Court need not reach these arguments, however, because Plaintiff cannot proceed without an attorney licensed to practice before this Court.[5]

Parties in federal court "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. But "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (citations omitted). "[T]hat rule applies equally to all artificial entities." *Id.* at 202.

Accordingly, the Trust "cannot represent itself" in federal court. *Living Tr. of Lukunda Muhammad v. Shelton*, No. 24-3178, 2025 WL 1409475, at *1 (3d Cir. May 15, 2025). And the Trustee, a non-lawyer, "may not represent a trust *pro se* before this Court." *Van De Berg v. C.I.R.*, 175 F. App'x 539, 541 (3d Cir. 2006); *see Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (holding "the District Court did not err in dismissing Marin's claims on behalf of the trust, for the court correctly held that he cannot pursue these claims *pro se*.").

Because neither the Trust nor Trustee may continue litigating this case without an attorney, the Amended Complaint is **dismissed *without prejudice***. Should Plaintiff wish to proceed, an attorney licensed to practice before this Court must enter an appearance on Plaintiff's behalf and file an amended pleading within sixty (60) days.

If Plaintiff timely obtains counsel and files an amended complaint, Defendants may file a renewed motion to dismiss without first seeking a pre-motion conference. If Plaintiff does not timely secure counsel and file an amended complaint, however, the Court may dismiss this action *with prejudice* for failure to prosecute. *See Shelton*, 2025 WL 1409475, at *1 ("District Courts have authority—both inherent and by virtue of [Rule] 41(b)—to dismiss an action *sua sponte* when a litigant fails to comply with court orders or otherwise fails to prosecute.").

An appropriate Order accompanies this Opinion.

**JULIEN XAVIER NEALS**
United States District Judge

[5] However, the Court notes the Amended Complaint is seriously deficient. At a minimum, it is devoid of factual allegations and indiscriminately attributes wrongdoing to the thirteen defendants, leaving them to guess as to who did what. *Parrish v. Hudson Sch.*, No. 25-17986, 2026 WL 1328364, at *6 (D.N.J. May 13, 2026) (cleaned up).